UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF OHIO
----------------------------------------------X
Barry Kuenzer,

                     Plaintiff,                        Civil Action No.:_____

             v.

Midland Funding LLC d/b/a
Midland Funding DE LLC,
and Javitch Block & Rathbone, LLC

                     Defendants.        **<u>COMPLAINT AND DEMAND</u>**
----------------------------------------------X        **<u>FOR TRIAL BY JURY</u>**

       Plaintiff Barry Kuenzer ("Plaintiff"), by and through his attorneys, Fredrick Schulman &

Associates, as and for his Complaint against Defendants Midland Funding LLC d/b/a Midland

Funding DE LLC and Javitch Block & Rathbome, LLC ("Defendants"), respectfully sets forth,

complains, and alleges, the following:

## <u>INTRODUCTION/PRELIMINARY STATEMENT</u>

1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from the

       Defendants' violation(s) of §1692 *et seq*. of Title 15 of the United States Code ("U.S.C."),

       commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## <u>PARTIES</u>

2.    Plaintiff is a natural person and a resident of the State of Ohio, County of Cuyahoga, residing

       at 7202 Camden Avenue, Cleveland, OH 44102.

3.    Defendant Midland Funding LLC is a collection agency with a principal place of business at

       8875 Aero Drive, San Diego, CA 92123, and, upon information and belief, is licensed to do

       business in the State of Ohio.

4.      Defendant Javitch Block & Rathbome, LLC is a collection firm with a principal place of business at 1100 Superior Avenue, 18th Fl., Cleveland, OH 44114 and, upon information and belief, is licensed to do business in the State of Ohio.

5.      At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA

6.      Defendant Midland Funding LLC is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.  Indeed, upon information and belief, on a website maintained by the Defendant at the URL address of www.midlandcreditonline.com, Defendant informs visitors to the site, "Midland Funding LLC is one of the nation's biggest buyers of unpaid debt….Midland Funding LLC works with its affiliate, Midland Credit Management (MCM), to service accounts." Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

7.      Defendant Javitch Block & Rathbone, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.  Indeed, upon information and belief, on a website maintained by Defendant at the URL address of www.jbandr.com, the Defendant informs visitors to the site, "Javitch, Block & Rathbone, L.L.C. is a law firm concentrating in the area of creditor representation. Our primary representation is in Collections and Insurance Subrogation. The Collections Practice includes recovery of all types of debt[.]" Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

8.      Defendants were attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA.  Upon further information and belief, at all relevant times

herein, Defendants knew or had reason to know that they were obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367 (a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b)(2).

## FACTUAL ALLEGATIONS

11. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. On or about February 2, 2009, Plaintiff applied for a loan ("Alleged Debt") with GE Money Bank aka GE Capital ("GE") with the intent to schedule an appointment for dental work at Aspen Dental.

13. Plaintiff decided not to schedule the appointment and requested a refund/cancellation of the Alleged Debt. Aspen Dental forwarded the refund request to GE. (See Refund Request, attached hereto and incorporated herein by reference as "Exhibit A".)

14. At a later date, Plaintiff discovered that despite the refund request, collection activities to recover the Alleged Debt were in progress.

15. Plaintiff again requested a refund/cancellation, and was informed that GE had sold the original loan to Defendant Midland Funding LLC. Defendant Midland Funding LLC employed Defendant Javitch Block & Rathbone, LLC to assist in the collection.

3

16.     Subsequently, Defendants sued Plaintiff for the Alleged Debt. Upon information and belief, the Defendants never served Plaintiff with any legal documents.

17.     On or around June 6, 2012, Defendants obtained a default judgment against Plaintiff. (See Notice to the Judgment Debtor of Garnishment of Personal Earnings, attached hereto and incorporated herein by reference as "Exhibit B".)

18.     Plaintiff was not served with a copy of the judgment. Plaintiff was unaware of the garnishment until he received his July 13, 2012 paycheck and found that his wages had been diminished. (See Paystub, attached hereto and incorporated herein by reference as "Exhibit C".)

19.     On or around August 2, 2012, Plaintiff requested and received validation from Aspen Dental and GE stating that no debt was owed to Aspen Dental or GE. Plaintiff forwarded said validations to Defendants. (See Validations, attached hereto and incorporated herein by reference as "Exhibit D").

20.     Despite Defendants' knowledge that no debt was owed by Plaintiff, Defendants continued their attempts to collect on the Alleged Debt.

21.     Defendants' actions caused undo hardship unto Plaintiff. Defendants are collecting a sum they have no right to collect. This has harmed Plaintiff's income, financial standing, and reputation.

22.     Said actions on the part of the Defendants are a violation of 15 U.S.C. §1692d, which prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

23.     Said actions on the part of Defendants are also a violation of the FDCPA, 15 U.S.C. §1692f, which prohibits "unfair and unconscionable practices in attempt to collect an alleged debt."

4

24. Said actions on the part of the Defendants is also a violation 15 U.S.C. §1692f(1), which prohibits collection of any "amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

25. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692d)

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered"1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Defendants violated 15 U.S.C. §1692d by continuing to accept Plaintiff's garnished wages in satisfaction of the Alleged Debt despite Defendants' knowledge that Plaintiff did not owe the Alleged Debt.

28. As a result of Defendants' violations of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692f)

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered"1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30.    Defendants violated 15 U.S.C. §1692f by continuing to accept Plaintiff's garnished wages in satisfaction of the Alleged Debt despite Defendants' knowledge that Plaintiff did not owe the Alleged Debt.

31.    As a result of Defendants' violations of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692f(1))

32.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33.    Defendants violated 15 U.S.C. §1692f(1) by continuing to accept Plaintiff's garnished wages in satisfaction of the Alleged Debt despite Defendants' knowledge that Plaintiff did not owe the Alleged Debt.

34.    As a result of Defendants' violations of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

35.    Plaintiff demands and hereby respectfully requests a trial by jury for all claims, and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Barry Kuenzer, demands judgment against Defendants Midland Funding LLC and Javitch Block & Rathbone, LLC, as follows:

A.  For actual damages provided and pursuant to 15 USC § 1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 USC §1692k(a)(2)(A):

C.  For attorneys' fees and costs provided and pursuant to 15 USC § 1692k(a)(3);

D.  For a declaration that the Defendants' practices violated the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        February 20, 2012

Respectfully submitted,

By:  s/ Aryeh Pomerantz
  Aryeh Pomerantz, Esq.
    Fredrick Schulman & Associates
    Attorneys at Law
    Attorney for Plaintiff
    30 East 29TH Street
    New York, New York 10016
    (212)796-6053